IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:21-cr-00046-N |
| TAMMY WALDEN THOMAS | |

### UNOPPOSED MOTION FOR A PROTECTIVE ORDER GOVERNING DISCLOSURE OF DISCOVERY MATERIALS

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government files this Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials to protect personal information; protect financial information; maintain integrity of the judicial process; and to promote timely resolution of this case. Specifically, the government proposes that any discovery materials (or copies thereof) provided by the government to the defense (regardless of when such materials were produced) that contain: (1) an individual's social-security number or taxpayer-identification number, (2) an individual's date of birth, (3) the name of an individual known to be a minor, (4) a financial-account number, (5) an individual's home address, (6) an individual's home or personal cellular telephone number, or (7) an individual's personal email address, (collectively, "personal identifying information"):

    (a) will not be copied, except to the extent needed as trial exhibits or as counsel's working copies;

    (b) will not be shared outside of the defendant's counsel's office with any person not employed or retained by the defendant's counsel, or in the event the defendant is incarcerated, will not be shared outside of the correctional

facility visiting area with any person not employed by the defendant's counsel;

(c) will not be provided to, or kept by, the defendant, except that the defendant's counsel may take the materials to the defendant and show them to the defendant;

(d) that the defendant, defendant's counsel, and any agents thereof, be prohibited from disseminating any of these materials or disclosing any information contained therein to anyone other than this Court, the parties to this case, or the specific witness to whom a record pertains; and

(e) any attorney of record who is retained or appointed to represent the defendant or who is later relieved of representation of the defendant is bound by the terms of this Order unless excused from its terms by Court Order.

The defendant does not oppose this motion.

I. Background

The indictment in this case charges Tammy Walden Thomas with nine counts of wire fraud (Dkt. 1). The indictment alleges that the defendant defrauded the North Texas Business Alliance (NTBA) by lying to, and misleading, NTBA employees to cause them to approve payments to NTBA's convenience store members which the defendant instead misdirected to her own bank accounts.

II. Discovery is Voluminous and Contains Protected Information

Discovery in this case is voluminous and replete with personal identifying and other confidential information. Agents have obtained emails, financial records and other records by various means, including grand jury subpoenas and search warrant. This evidence includes hundreds of documents that contain social security numbers, dates of birth, financial account numbers, and other protected information. The evidence also

includes banking and financial records that contain numerous social security numbers and account numbers. Redacting this information is overly burdensome, impracticable, and may not be possible.

Thus, to facilitate the timely resolution of the case, the government intends to go beyond its discovery obligations by making the vast majority of the discovery available unredacted through a secure electronic file exchange or on encrypted defense-provided external media, but only if it can be assured that the materials in this case will be adequately protected. The government's file exchange and/or encrypted hard drives will enable defense attorneys to securely access the discovery and allow them to make hard copies of the discovery if they so choose. If any party wishes to use a document as an exhibit to a motion or at trial, they would be responsible for complying with the standard rules regarding protecting personal identifying information by redacting the document and/or seeking leave to file the document under seal.

Accordingly, to safely and timely facilitate the discovery in this case, the government seeks the proposed protective order.

III.    Authority for a Protective Order

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature. Fed. R. Crim. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information). Specifically, Rule 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause. *Id*. Indeed, "[a] trial court can and should, where appropriate, place a defendant

and his counsel under enforceable orders against unwarranted disclosure of the [surveillance] materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

This Court has entered virtually identical protective orders in other fraud cases. *See, e.g., United States v. Smith*, 3:17-CR-446-B; *see also, United States v. Antoine*, 3:14-CR-307-N; *United States v. Ezukanma,* 3:15-CR-254-B; *United States v. Cesario*, 3:16-CR-60-M; *United States v. Norman*, 3:17-CR-315-B.

IV.   Conclusion

The government requests that the Court enter a protective order limiting the disclosure of discovery materials in this case as described above. The government believes these proposed restrictions constitute the least restrictive measures available to protect the various interests involved in this case, including the defendant's interest in full and efficient discovery. The compelling interests of protecting social security numbers, dates of birth, bank account numbers, and other personal identifying information by preventing disclosure of this information to third parties constitutes more than adequate good cause to enter the requested protective order.

        Respectfully submitted,

        PRERAK SHAH
        ACTING UNITED STATES ATTORNEY

        /s/ *Fabio Leonardi*
        FABIO LEONARDI
        Assistant United States Attorney
        New York Bar No. 4902938
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699

                                                Telephone: 214-659-8600
                                                Facsimile: 214-659-8809
                                                Email: fabio.leonardi@usdoj.gov

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred with Gabriela Vega, counsel for Tammy Walden Thomas, via email on March 3, 2021, and she indicated that she is not opposed to this motion.

                                              /s/ *Fabio Leonardi*
                                              FABIO LEONARDI
                                              Assistant United States Attorney